Argued April 9, affirmed July 6, 1962

## BOYD ET AL *v.* LATOURETTE

373 P. 2d 418

*John C. Caldwell,* Oregon City, argued the cause for appellants. On the brief were Hibbard, Jacobs, Caldwell & Kincart.

*William E. Schumaker,* District Attorney, Oregon City, argued the cause and submitted a brief for respondents.

Before McAllister, Chief Justice, and Rossman, Warner, Perry, Sloan, O'Connell and Goodwin, Justices.

O'CONNELL, J.

Plaintiffs, certified appraisers employed in the county assessor's office in Clackamas county, initiated a mandamus proceeding against the county Board of Commissioners to require the board to revise its budget estimate for salaries to be paid county certified appraisers. Plaintiffs appeal from an order denying a peremptory writ.

In its 1961-1962 budget Clackamas county made the following provisions for appraisers to be employed in the county assessor's office:

"Property Appraiser I
    5 at $420.00 per month each
"Property Appraiser II
    6 at $440.00 per month each
"Property Appraiser II
    1 at $460.00 per month
"Property Appraiser III
    4 at $480.00 per month each
"Chief Appraiser    1 at $525.00 per month"

Plaintiffs contend that under ORS 308.010 the minimum salaries for each of the classes of county appraisers must not be less than the minimum salaries for each of the comparable classes of state appraisers. During the fiscal period in question salaries for state appraisers were as follows:

"Property Appraiser I    $420.00 per month
"Property Appraiser II    $500.00 per month
"Property Appraiser III    $550.00 per month
"Chief Appraiser    $600.00 per month"

ORS 308.010 provides as follows:

"(1) A certified appraiser shall be one who has successfully qualified and is employed pursuant to county or state civil service requirements, or currently certified by the State Civil Service Commission as having successfully passed an examination for Property Appraiser I or analogous civil service classification prepared, conducted and graded by the State Civil Service Commission. Said examination shall be approved by a standing five-man committee of the Oregon State Association of County Assessors selected by said association for that purpose. *In no event shall the qualifications or salaries paid for certified appraisers be less than those applicable to state appraisal personnel of similar classification.* The State Civil Service Commission may revoke a certificate of an appraiser for fraud or deceit in his appraising or in the securing of his certificate or for incompetence.

"(2) Any person who is a certified appraiser shall upon application be given a written certificate thereof by the particular civil service body that designated the necessary requirements or conducted the particular examination for the applicant." (Emphasis added).

It is plaintiffs' position that the italicized part of the statute means that each of the appraisers in the various classes of county appraisers must be paid a salary no less than that paid to the state appraisers in similar classes. In other words, it is urged that the statute contemplates two parallel classifications, a classification for the county and a classification for the state, and that the salaries in the county classification must not be less than the salaries in a similar state classification.

It is possible, however, to construe the statute differently. The statute requires that the salaries of *certified appraisers* be no less than those applicable

to state appraisal personnel of similar classification. However, the statute does not define certified appraisers in terms of various classes; the definition is related to one who has successfully passed an examination for "Property Appraiser I or analogous civil service classification," or "one who has successfully qualified and is employed pursuant to county or state civil service requirements." The statute may be construed to mean that one who meets the minimum requirements for certification and thus qualifies as a certified appraiser (Property Appraiser I or the equivalent) must receive the same or higher salary than a state certified appraiser meeting the minimum requirements. This is the construction placed upon the statute by the county Board of Commissioners and adopted by the trial court.

We are of the opinion that the trial court reached the correct conclusion. The statute is susceptible to either of the two constructions noted above. However, if we accept the plaintiffs' interpretation we are confronted with a very serious difficulty in the application of the statute. Nowhere in the statutory scheme is there any criteria for any class of appraisers other than the category of Property Appraiser I. Nor is there any statutory requirement that a county establish classes of appraisers similar to those established by the state. It would seem then, that a county could if it wished group all appraisers under one class and denominate it Property Appraiser I. There is no express statutory requirement that a county recognize parallel classifications where the qualifications of county and state appraisers are the same, or similar. Consequently it does not seem reasonable to regard ORS 308.010 as requiring those counties which do employ a parallel classification for their appraisal

personnel to meet the salary minimums for state appraisal personnel in the various classifications. Even where a county establishes a classification of appraisal personnel there is no statutory requirement that the divisions of the classification be co-ordinate with those established by the state, nor is there any criteria in the statutes by which to identify certain qualifications and duties of the appraisers with certain divisions of a classification.

To give the statute the effect urged by plaintiffs it would be necessary in each instance to make a factual comparison of the qualifications and duties specified for each of the divisions of the state and county classifications before it could be determined whether the classes were similar. We do not think the legislature intended that the salary schedule for county-employed appraisers should rest upon such an ill-defined basis of comparison.

The judgment is affirmed.